UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                    CASE NO. 6:18-bk-00982-CCJ

NATURE'S DYNAMICS PARTNERS, LLC,    Involuntary Chapter 11 Proceeding
f/k/a NATURE'S DYNAMICS, LLC,

    Alleged Debtor.
_____/

**BANKUNITED, N.A.'S MOTION FOR STAY RELIEF
OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION**

Secured creditor, BankUnited, N.A. ("BankUnited"), by and through undersigned counsel files *BankUnited, N.A.'s Motion for Stay Relief or, Alternatively, for Adequate Protection* ("Motion"), pursuant to 11 U.S.C. §105, 11 U.S.C. §362(d), 11 U.S.C. §363(e), and Bankruptcy Rule 4001, and in support states the following facts:

**Relief Sought**

BankUnited seeks relief from the automatic stay to proceed with a UCC sale/auction of the all assets of the alleged debtor, Nature's Dynamics Partners, LLC, securing its loans with BankUnited. As discussed, below, BankUnited has been granted authority and stay relief to proceed with the UCC sale/auction in the related chapter 7 bankruptcy case of Nature's Dynamics Partners, LLC's majority owner, styled, In Re: Richard Glenn McPeak, Middle District of Florida Bankruptcy Case No.: 6:17-bk-7714-CCJ. Certain insider creditors filed the above-styled involuntary case on the eve of the auction thereby preventing BankUnited from concluding the sale.[1] There is no equity in the collateral remaining for the benefit of Nature's Dynamics' bankruptcy estate due to BankUnited's lien. As discussed below, BankUnited should be granted relief from the automatic

---

[1] Petitioning creditor, Jeff Williams, is a 19.07% owner of Nature's Dynamics Holdings, LLC. Petitioning creditors, Ethos Nature's Dynamics, LLC, and Atlas Retail Capital, LLC, have each paid $2,500.00 to the chapter 7 trustee in the Relate Case for a 12.5% ownership interest in Nature's Dynamics Holdings, LLC. Details of the transfers are set forth in the pending *Motion to Approve Compromise Between Dennis D. Kennedy, Chapter 7 Trustee, Atlas Retail Capital, LLC, and Ethos Natures' Dynamics, LLC* filed in the Related Case as Docket No. 23.

stay to proceed with the UCC sale/auction to liquidate its collateral. Alternatively, this Court should order Nature's Dynamics to immediately begin making adequate protection payments to BankUnited.

**Factual Background**

1. On February 22, 2018, an involuntary chapter 11 bankruptcy petition (the "Petition") was filed against the alleged debtor, Nature's Dynamics Partners, LLC ("Nature's Dynamics"), by insider petitioning creditors, Atlas Retail Capital, LLC, Ethos Nature's Dynamics, LLC, and Jeff Williams ("Petitioning Creditors").

2. On December 12, 2017, in the related bankruptcy case pending in the Middle District and bearing Bankruptcy Case Number 6:17-bk-7714-CCJ, Richard Glen McPeak ("McPeak") filed a Voluntary Petition and Schedules under chapter 7 of the Bankruptcy Code ("Related Case").

3. In Schedule A, McPeak listed a fifty-nine percent (59%) ownership interest in Nature's Dynamics with a value of "0.00."

4. McPeak listed BankUnited as an unsecured creditor in the amount of $220,664.77 pursuant to a personal guaranty of certain SBA loans by BankUnited to Nature's Dynamics.

5. In fact, as of August 4, 2017, the amount due from Nature's Dynamics on Loan Number 61434150-01 was $223,420.40 with per diem interest accruing thereafter in the amount of $42.906974. Additionally, as of August 4, 2017, the amount due on Loan Number 61527650-03 was $200,118.73 with per diem interest accruing thereafter in the amount of $36.028165. BankUnited is also due its attorney's fees and costs pursuant to the loan documents executed by Nature's Dynamics.

6. Nature's Dynamics defaulted on both of the foregoing loans with BankUnited in July 2017 and has not made any payment thereafter through the current date.

7. BankUnited is a secured creditor of Nature's Dynamics by virtue of a Commercial Security Agreement and UCC Financing Statements filed in Florida and Delaware ("Security Documents"). Copies of the Security Documents are attached as composite Exhibit 1.

8. BankUnited sought agreement from McPeak in his capacity as director and decision-maker of Nature's Dynamics to conduct a UCC sale/auction of the Nature's Dynamic's assets upon which it has a perfected lien pursuant to the Security Documents.

9. The assets consist of office equipment, furniture, potential purchase orders, accounts, among other tangible and intangible property, and includes perishable vitamins. The perishable vitamins are stored in Nature's Dynamics commercial warehouse facility where it formerly conducted its operations. The extent of BankUnited's lien is set forth in greater detail in the Security Documents attached hereto as composite Exhibit 1.

10. McPeak had no objection to the sale of Nature's Dynamics collateral assets. However, McPeak contended that only the chapter 7 trustee of his bankruptcy estate possessed such decision-making authority as the majority owner of Nature's Dynamics.

11. In the Related Case, BankUnited filed *BankUnited, N.A.'s Motion for Stay Relief and Authorization to Conduct UCC Auction/Sale of Non-Debtor Assets; Expedited Hearing Requested*. [Related Case Doc. No. 3] After hearing, this Court in the Related Case entered its *Order Granting BankUnited, N.A.'s Motion for Stay Relief and Authorization to Conduct UCC Auction/Sale of Non-Debtor Assets; Expedited Hearing Requested [D.E. #13]* ("Stay Relief Order"). [Related Case Doc. No. 21][2]

12. BankUnited advertised and served the Florida required statutory notice for a sealed bid auction of Nature's Dynamics collateral assets set to conclude on February 23, 2018.

13. On the evening prior to the conclusion of the auction, after BankUnited refused to voluntarily postpone the auction, the Petitioning Creditors filed their Involuntary Petition against

---

[2]BankUnited has also filed a Complaint in the Circuit Court of the 9th Judicial Circuit of Orange County, Florida styled, BankUnited, N.A. v. Nature's Dynamics, LLC et al., Case No. 2018-CA-001297-O. Through the Complaint, BankUnited has asserted claims on the loan documents and to foreclose its security interest in all of Nature's Dynamics collateral. This Motion also seeks relief from stay for BankUnited to proceed with its *in rem* claims against Nature's Dynamics.

Nature's Dynamics.

14. No equity remains for the benefit of Nature's Dynamics' bankruptcy estate due to BankUnited's lien.

15. The collateral is subject to depreciation or loss of value the longer that the auction is delayed. Indeed, the purchase offers for the collateral have decreased significantly from the time of the filing of the Related Case on December 17, 2017, through the date of the Petition.

16. Since the Petition date, Nature's Dynamics has not returned any portion of the collateral, resumed payments, or otherwise provided or offered to provide BankUnited with adequate protection of its interest in the collateral.

17. BankUnited seeks an order authorizing it to conduct a UCC sale/auction of the collateral assets of alleged debtor, Nature's Dynamics that secure BankUnited's loans.

18. By this Motion, BankUnited seeks the entry of an Order, pursuant to §362(d) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure granting BankUnited relief from the automatic stay as to the collateral, or, alternatively, pursuant to §361 of the Bankruptcy Code, requiring Nature's Dynamics to make periodic cash payments as adequate protection.

**BASIS FOR RELIEF**

19. Section 362(d) of the Bankruptcy Code provides, in relevant part, that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay --
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective

reorganization . . .

20. Section 362(d) of the Bankruptcy Code is written in the disjunctive and authorizes relief from stay if the creditor can either show cause, including the lack of adequate protection, or establish that the debtor has no equity in the property and that the property is not necessary to an effective reorganization. Nazareth National Bank v. Trina-Dee, Inc., 731 F.2d 170, 171 (3rd Cir. 1984).

21. Because the term "cause" is neither defined in the Bankruptcy Code nor in the legislative history of §362(d), courts must determine whether cause exists on a case by case basis. *In re Murray Indus., Inc.,* 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990). The "cause" standard set forth in §362(d)(1) is intentionally broad and flexible to provide courts with the authority to grant appropriate relief from the automatic stay. *In re Mack,* 347 B.R. 911, 916 (Bankr. M.D. Fla. 2006).

22. There is no equity in Nature's Dynamics' personal property in excess of the lien of BankUnited. BankUnited is owed over $500,000.00 and the physical tangible assets securing BankUnited's loan are valued at less than $5,000.00. BankUnited has no knowledge of any accounts or the existence of any assets of Nature's Dynamics whose value nears the amounts owed.

23. Further, the continued imposition of the automatic stay will work a substantial hardship to BankUnited and will severely prejudice its ability to successfully liquidate the assets due to the perishable nature of a portion of the assets. As stated herein, potential purchasers' interest in the collateral has significantly decreased in the past three months since the filing of the Related Case.

24. There is a substantial likelihood that interested purchaser(s) who have submitted or intended to submit bids at BankUnited's UCC sale/auction will not participate in any future auction if it is further significantly delayed, thereby resulting in a depreciation of the market value of the collateral.

25. Accordingly, BankUnited respectfully requests that this Court lift the automatic stay and allow BankUnited to proceed with the sale and/or auction of Nature's Dynamic's assets in order

to satisfy its secured claim against it.

26. Cause exists to grant BankUnited relief from the automatic stay since BankUnited is not being adequately protected and Nature's Dynamics has no equity in the collateral.

27. Further, a modification of the stay is mandated if the debtor fails to demonstrate that an effective reorganization is feasible. Nature's Dynamics has not paid its creditors since before July 2017 and has ceased operations months ago and prior to the filing of the Related Case by its majority member.

28. BankUnited submits that it has met its burden of proof required by §362(g)(1) of the Bankruptcy Code and that it should be granted relief from the automatic stay.

29. Should the Court not grant BankUnited's request for relief from the automatic stay, the Court should direct Nature's Dynamics to pay adequate protection.

30. Section 363(e) of the Bankruptcy Code provides in pertinent part:

> Notwithstanding any other provision of this section, at any time on request of any entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

31. The use by Nature's Dynamics of the collateral mandates adequate protection. "[T]he requirement of adequate protection in Section 363(e) is mandatory. If adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited." Lawrence P. King, *Collier on Bankruptcy §363.05*.

32. Adequate protection is necessary to preserve the value of BankUnited's interest in the collateral as it existed on the Petition date and throughout the pendency of this case.

33. The collateral is depreciating in value. BankUnited requests that, as adequate protection for the continued use by Nature's Dynamics of the collateral and the declining value of same, that Nature's Dynamics be required to pay the current arrears on the loan documents and to continue payment of same, pending further order of this Court.

34.     Cause exists to lift the automatic stay in favor of BankUnited because the sale of Nature's Dynamics' assets and will not result in any prejudice to the alleged debtor or the bankruptcy estate. No prior request for the relief requested herein that is the subject of this motion has been made to this Court in this case. As discussed above, the sole prior request for stay relief regarding the collateral assets has been granted by this Court in the Related Case.

## REQUEST FOR WAIVER OF FOURTEEN DAY STAY PERIOD

35.     BankUnited requests that the fourteen (14) day stay period imposed by *Federal Rule of Bankruptcy Procedure* 4001(a)(3) with respect to the lifting of the automatic stay be waived in order to permit BankUnited to immediately proceed with the sale and/or auction of Nature's Dynamic's assets.

WHEREFORE, creditor BankUnited, N.A., respectfully requests that this Court: (I) lift the automatic stay to the extent applicable, and permit BankUnited, N.A., to proceed with the sale and auction of non-debtor Nature's Dynamics, LLC's assets; (ii) lift the automatic stay to the extent applicable, to pursue any and all *in rem* state court remedies against Nature's Dynamics; (iii) waive the fourteen (14) day stay period imposed by the Federal Rule of Bankruptcy Procedure 4001(a)(3) with respect to the lifting of the automatic stay; and (iv) grant further relief as this Court deems just and proper.

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 28, 2018**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record including Edward J. Peterson, III, Esquire, Stichter, Riedel, Blain & Postler, P.A., 110 East Madison Street, Suite 200, Tampa, FL 33602 at epeterson@srbp.com or pro se parties identified below or on the attached creditor list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,

        BEHAR, GUTT & GLAZER, P.A.
        Attorneys for  BankUnited, N.A.
        DCOTA A-350
        1855 Griffin Road
        Fort Lauderdale, Florida 33004
        Telephone:  (954) 733-7030
        Fax:  (305) 931-3774
        E-mail: redwards@bgglaw.com

        By	/s/ Robert J. Edwards
            ROBERT J. EDWARDS
            FBN:  007544